Estela **VALDEZ–GAONA**, Petitioner,

v.

**IMMIGRATION AND NATURALIZA-TION SERVICE**, Respondent.

No. 86–4912
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

May 29, 1987.

Robert A. Shivers, San Antonio, Tex., for petitioner.

Madelyn E. Johnson, Civil Div., Allen W. Hausman, Asst. Director, Eloise Rosas, Richard M. Evans, Robert L. Bombough, Director, Office of Immigration Lit., Washington, D.C., for respondent.

David H. Lambert, Dist. Director, I.N.S., New Orleans, La., Richard M. Casillas, Dist. Director, U.S. I.N.S., San Antonio, Tex., for other interested parties.

Before REAVLEY, JOHNSON and DAVIS, Circuit Judges.

REAVLEY, Circuit Judge:

Estela Valdez-Gaona appeals the Board of Immigration Appeals' dismissal of her appeal of an immigration judge's order finding her deportable. The Board upheld the judge's determination that Valdez-Gaona is ineligible for adjustment of status because of her failure to comply with the requirements of section 212(a)(17) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(17), and the regulations promulgated thereunder, 8 C.F.R. § 212.2(a). She maintains that the regulation is invalid because inconsistent with the statute and the intent of Congress. We affirm.

Valdez-Gaona, currently fifty years of age, is a citizen of Mexico. She first entered the United States in 1953, was deported in 1954, and reentered in 1955. She was issued a certificate of citizenship in 1967, but this was cancelled in 1980 because fraudulently obtained. In her 1967 application for citizenship she claimed that her mother was born in Texas, and she submitted, as her mother's, the birth certificate of an aunt of the same name who was born in Texas but died in infancy. The Immigration Service discovered the fraud in 1979, and in 1980 cancelled Valdez-Gaona's citizenship and deported her. She reentered the United States illegally the same year. The instant action began in 1984 when she was charged with being subject to deportation as an alien excludable at time of entry because not in possession of a valid visa. 8 U.S.C. §§ 1182(a)(20), 1251(a)(1). Valdez-Gaona also has a criminal record: a conviction for smuggling aliens into the United States, a conviction for transporting aliens, and three convictions for theft.

Valdez-Gaona is an excludable alien under 8 U.S.C. § 1182(a)(17), which provides that the following class of aliens is ineligible for visas: "[a]liens who have been arrested and deported, ... and who seek admission within five years of the date of such deportation or removal, unless prior to their embarkation or reembarkation at a place outside the United States or their attempt to be admitted from foreign contiguous territory the Attorney General has consented to their applying or reapplying for admission." The regulations promulgated under this part of the Immigration and Nationality Act ("Act") provide that an alien who has been deported and is applying for a visa, admission to the United States, or adjustment of status must present proof that she "has remained outside the United States for more than five successive years following the last deportation or removal." 8 C.F.R. § 212.2(a). Valdez-Gaona concedes that she cannot meet this requirement.

Appellant argues, however, that the regulatory provision is invalid because inconsistent with the statute it is designed to administer. She claims that section 1182(a)(17) allows an alien who has been deported to apply for admission without permission from the Attorney General if the deportation was five years before the application. The regulation adds the extra requirement that the alien be absent from the United States for five successive years before the application.

We disagree with the contention that the regulation is "inconsistent" with the Act. It can be said at most that the regulation adds a requirement not present in the statute, making it more difficult for a previously deported alien to gain readjustment of status. Appellant, however, also contends that the regulation is contrary to Congress' intent, and that this is

established through a consideration of the statute's legislative history. According to appellant, when Congress revised the Act in 1981 it consciously chose not to include the requirement that an alien remain outside the United States for five years to be eligible for relief. In support, she cites a page from the House Report accompanying the Act. H.R.Rep. No. 264, 97th Cong., 1st Sess. 20 (1981), *reprinted in* 1981 U.S.Code Cong. & Admin.News 2577, 2589.

This portion of the legislative history of the Act explains that Congress revised it in 1981 because "generally aliens who are otherwise admissible and have remained outside the United States for a substantial period of time without returning illegally are routinely granted permission to reenter. ... [T]here would be a direct economy by eliminating the need to adjudicate consent applications for aliens *who have remained outside the United States for five years or longer after deportation.*" *Id.* (emphasis added). Congress, then, intended to remove the requirement of obtaining the Attorney General's permission to reenter only for aliens who spent at least five years outside the United States. Far from being inconsistent with congressional intent, the regulation that appellant complains of merely implements this intent. Her appeal has no merit.

AFFIRMED.